IN THE COURT OF COMMON PLEAS
LICKING COUNTY, OHIO

LICKING COUNTY
COMMON PLEAS COURT

BRENT LUDWICK
110 Welsh Avenue
Lancaster, Ohio 43130,

   Plaintiff,

  v.

THE ANCHOR HOCKING COMPANY, LLC.
1115 W. 5th Ave.
Lancaster, Ohio 43130
c/o CSC-Lawyers Incorporating Service,
Statutory Agent
50 West Broad Street, Suite 1800
Columbus, OH 43215

and

ANCHOR ACQUISITIONS, LLC.
1115 W. 5th Ave.
Lancaster, Ohio 43130
c/o CSC-Lawyers Incorporating Service,
Statutory Agent
50 West Broad Street, Suite 1800
Columbus, OH 43215

and

MARK A. HEDSTROM
109 Bohyer Avenue
Pataskala, Ohio 43062

and

JOHN/JANE DOES
Nos. 1-5
Individuals names unknown
Addresses unknown

and

2009 JUL 31 A 11: 47

FILED
GARY R. WALTERS
CLERK

CASE NO. 09 CV 1346 TMM

JUDGE _____

COMPLAINT
(JURY DEMAND ENDORSED HEREIN)

1

```
ABC CORPORATIONS           :
Nos. 1-5                   :
Individual names unknown   :
Addresses unknown          :
                           :
        Defendants, et al. :
```

## COMPLAINT

Now comes Plaintiff Brent Ludwick, by and through undersigned counsel, and for its Complaint against Defendants, states the following:

### PARTIES

1. Brent Ludwick, ("Plaintiff") at all times relevant herein, was a resident of the city of Lancaster, County of Fairfield, State of Ohio.

2. Defendant, The Anchor Hocking Company ("Anchor Hocking"), is a foreign limited liability corporation based in the state of Delaware, yet having its principle place of business at 519 N. Pierce Avenue, Lancaster, Ohio 43130. (Ohio Secretary of State Registration number 1691623).

3. Defendant, Mark A. Hedstrom, is a resident of the city of Pataskala, County of Licking, State of Ohio, and at all times relevant herein, was an employee of Defendant, Anchor Hocking, LLC, at Defendant's city of Lancaster, County of Fairfield, State of Ohio location.

4. At all times relevant herein, Plaintiff was an employee of Defendant, The Anchor Hocking Company, at Defendant's city of Lancaster, County of Fairfield, State of Ohio location at 1115 West Fifth Avenue, Lancaster, Ohio 43130.

5. Defendants John/Jane Does Nos. 1-5 and ABC Corporations 1-5 are unknown individuals and entities who are liable for the claims raised in this Complaint,

2

who employed Plaintiff, who made legal decisions with respect to the termination of Plaintiff, who conspired or acted jointly with other Defendants in Plaintiff's illegal termination and/or have other legal responsibilities for the claims raised in this matter. These entities and individuals are currently unknown to the Plaintiff.

### VENUE

6. Pursuant to Ohio Civ. R. 3(B)(1) venue is proper in this matter because the Defendant, Mark A. Hedstrom, resides in Licking County, Ohio.

### FACTS

7. Plaintiff incorporates all of the previous paragraphs as if completely rewritten herein.

8. At all times relevant to this matter, Brent Ludwick was an employee of Anchor.

9. Plaintiff began employment on March 27, 2008, with Anchor.

10. Plaintiff was injured on March 27, 2009, acting within the scope of his employment and he subsequently filed for Worker's Compensation benefits.

11. In April of 2009, Plaintiff was terminated for exercising his applicable rights as set forth below.

### FIRST CAUSE OF ACTION
### (Violation of FMLA)

12. Plaintiff incorporates all of the previous paragraphs as if completely rewritten herein.

13. At all times relevant herein, Plaintiff was an eligible employee under the Family Medical Leave Act and the Defendants were covered by the Family Medical Leave Act.

14. Plaintiff's serious health condition entitled him to leave under the Family Medical Leave Act.

15. The Defendants had actual knowledge of Plaintiff's serious health condition, which entitled Plaintiff to leave under the Family Medical Leave Act.

16. Despite Defendants' actual knowledge of Plaintiff's serious health condition, Defendants denied Plaintiff leave by terminating his employment, thereby intentionally and/or maliciously violating the Family Medical Leave Act by interfering, restraining and denying Plaintiff's attempt to exercise rights, to which he was entitled, under the Family Medical Leave Act.

17. Defendants further violated the Family Medical Leave Act by terminating Plaintiff in retaliation for exercising rights available to him under the Family Medical Leave Act. Therefore, through this conduct and other conduct, the Defendant's conduct violated the Family Medical Leave Act.

18. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has been damaged.

### SECOND CAUSE OF ACTION
(Disability Discrimination in violation of
O.R.C. § 4112.02(A) and § 4112.99)

19. Plaintiff incorporates all of the previous paragraphs as if completely rewritten herein.

20. At all times, Plaintiff and Defendants were covered by Ohio Revised Code § 4112.02 et seq.

21. Plaintiff's termination was an intentional, willful and wanton violation of the Disability Discrimination provisions of Ohio Revised Code § 4112.02(A) and §4112.99.

22. As a result of Plaintiff's March 27, 2008, injury, Plaintiff was disabled and/or Defendants perceived Plaintiff as disabled.

23. Defendants were aware of Plaintiff's disability or what they perceived to be Plaintiff's disability, and they perceived that disability as a substantial impairment to perform the major life activity of working.

24. Defendants' adverse employment action of terminating Plaintiff was based, at least in part, on their perception of Plaintiff's disability.

25. At all times relevant herein, Plaintiff was capable of safely and substantially performing the essential functions of his job with reasonable accomodation.

26. By refusing to provide accommodations as of March 27, 2008, Defendants discriminated against Plaintiff by terminating him on the basis of his disability and/or perceived disability.

27. As a direct and proximate result of Defendants' unlawful discriminatory conduct, Plaintiff has been damaged.

### THIRD CAUSE OF ACTION
### (Retaliatory Actions in violation of O.R.C. § 4123.90)

28. Plaintiff incorporates all of the previous paragraphs as if completely rewritten herein.

29. At all times, Plaintiff and Defendants were covered by Ohio Revised Code § 4123.90. Defendant Anchor Hocking's action in terminating Plaintiff in April of 2009 was a violation of Ohio Revised Code § 4123.90.

30. Plaintiff suffered an occupational injury on, or about, March 27, 2008.

31. Plaintiff filed a claim under the Workers' Compensation Act for an injury which occurred in the course of and arising out of his employment with Defendant Anchor Hocking.

32. Defendants knew of Plaintiff's participation in the Workers' Compensation program.

33. Defendants willfully and maliciously terminated Plaintiff in retaliation for the Workers' Compensation claims he filed after his injury.

34. Defendants' conduct of discharging Plaintiff constitutes a punitive and retaliatory action in willful contravention of Ohio Revised Code § 4123.90.

35. Defendants received written notice of the violations within ninety days immediately following the discharge pursuant to the requirements set out in Ohio Revised Code § 4123.90.

36. A causal link exists between Plaintiff's filing of his Workers' Compensation claim, and Defendants' conduct in terminating Plaintiff in April of 2009.

37. As a direct and proximate result of Defendants' unlawful retaliatory actions, Plaintiff has been damaged.

### FOURTH CAUSE OF ACTION
### (Punitive Damages)

38. Plaintiff incorporates all of the previous paragraphs as if completely rewritten herein.

39. Plaintiff's termination was the result of malicious, willful and intentional conduct for which Defendants knew was in violation of the law and was specifically designed to injure the Plaintiff.

6

40. As a result, Plaintiff is entitled to punitive damages, attorney fees and other such relief as authorized by law.

### FIFTH CAUSE OF ACTION
### *(Respondeat Superior)*

41. Plaintiff incorporates all of the previous paragraphs as if completely rewritten herein.

42. At all times material hereto, Mark Hedstrom as well as John/Jane Does 1 through 5 were acting within the course and scope of their employment for Anchor Hocking and/or ABC Corporations 1 through 5.

43. Anchor Hocking Company, and Anchor Acquisitions, LLC., are liable for the acts of their employees through the doctrine of *Respondeat Superior*.

WHEREFORE, Plaintiffs demands judgment as follows:

    a. Compensatory damages in an amount greater than $25,000;

    b. Punitive damages in an amount greater than $25,0000;

    c. Attorney fees, costs and other expenses incurred in bringing this action and/or allowed by statute; and

    d. All other relief this Court deems just and appropriate.

Respectfully submitted,

D. Patrick Kasson (0055570)
REMINGER CO., LPA
65 East State Street
Suite 400
Columbus, Ohio 43215
Tel: (614) 228-1311
Fax: (614) 232-2410
E-Mail: pkasson@reminger.com
*Attorney for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands that this cause be heard by a jury.

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　Patrick Kasson (0055570)